Alle v. Holder

BIA
A074 776 108

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of January, two thousand fourteen.

PRESENT:
> DENNIS JACOBS,
> GERARD E. LYNCH,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges*.

_____

NEIMA ABDILLAHI ALLE,
> *Petitioner*,

v.                                         12-2970
                                           NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:       Genet Getachew, Brooklyn, New York.

FOR RESPONDENT:       Stuart F. Delery, Acting Assistant
                      Attorney General; Jennifer L.
                      Lightbody, Assistant Director;
                      Channah F. Norman, Trial Attorney,
                      Office of Immigration Litigation,
                      United States Department of Justice,
                      Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Neima Abdillahi Alle, a native and citizen of Somalia, seeks review of a June 19, 2012, decision of the BIA denying her motion to reopen. *In re Neima Abdillahi Alle*, No. A074 776 108 (B.I.A. June 19, 2012). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (quoting *INS v. Doherty*, 502 U.S. 314, 323 (1992)). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

An alien must file a motion to reopen within 90 days of the agency's final administrative decision. 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(2). Although Alle's

2

motion was indisputably untimely because it was filed more than nine years after the agency's final order of removal, *see* 8 U.S.C. § 1229a(c)(7)(C)(i), there is no time limitation for filing a motion to reopen if it is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding," 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

We find no error in the BIA's determination that Alle failed to demonstrate materially changed country conditions excusing the untimely filing of her motion to reopen because the record evidence demonstrated continued systematic violence against women in Somalia since at least 1991, and did not indicate that conditions had materially worsened since Alle's 1999 hearing. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also Matter of S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country

3

conditions submitted with the motion to those that existed at the time of the merits hearing below."). Accordingly, the BIA did not abuse its discretion in denying Alle's motion to reopen as untimely, and we must deny the petition for review. *See* 8 U.S.C. § 1229a(c)(7)(C).

Alle reinstated this case after it was tolled pursuant to *In re Immigration Petitions for Review Pending in the United States Court of Appeals for the Second Circuit*, 702 F.3d 160, 160-61 (2d Cir. 2012). Nothing in this order should inhibit the government from considering whether pursuing Alle's removal to Somalia is low priority warranting administrative closure.

For the foregoing reasons, the petition for review is DENIED.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk

4